UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL CUSI, | Case No. 1:26-cv-00991-KES-SAB (HC) |
| Petitioner, | |
| v. | ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND DENYING MOTION TO DISMISS |
| TODD LYONS, Acting Director, Field Office Director of Enforcement and Removal Operations, Adelanto Field Office, Immigration and Customs Enforcement; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; Pamela BONDI, U.S. Attorney General; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, | Doc. 6 |
| Respondents. | |

Petitioner is a federal immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

"Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004).  The Ninth Circuit has "affirm[ed] the application of the immediate custodian and district of confinement rules to core habeas petitions filed pursuant to 28 U.S.C. § 2241, including those filed by immigrant

1

detainees." *Doe v. Garland*, 109 F.4th 1188, 1199 (9th Cir. 2024).

Here, petitioner challenges his present physical custody at the Adelanto Detention Facility in Adelanto, California, which is in the Central District of California.  Doc. 1 at ¶ 1. Therefore, jurisdiction is proper in the Central District of California.

"Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed . . . ."  28 U.S.C. § 1631.  While respondents request that the Court dismiss the petition, Doc. 6, the Court finds that transfer of the petition to the United States District Court of the Central District of California is in the interest of justice.  *See Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070, 1074 (9th Cir. 2001) (finding transfer of habeas petition served interests of justice where it would prevent unnecessary delay); *Randhawa v. Warden of Otay Mesa Det. Facility*, No. 1:25-CV-01201-SAB-HC, 2025 WL 2651282, at *1 (E.D. Cal. Sept. 16, 2025) (transferring habeas petition raising similar claims).

Accordingly, IT IS HEREBY ORDERED that this action is TRANSFERRED to the United States District Court for the Central District of California.  Respondents' motion to dismiss, Doc. 6, is DENIED.

IT IS SO ORDERED.

Dated:   February 11, 2026

_____
UNITED STATES DISTRICT JUDGE